**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

IN RE:

        CLORIA WOODEN,

                Debtor/Appellant,

_____ /

Case Number: 07-11588
Bankr. Case Number: 07-43328

JUDGE PAUL D. BORMAN
UNITED STATES DISTRICT COURT

## ORDER DENYING DEBTOR'S MOTION FOR STAY PENDING APPEAL AND FOR IMMEDIATE CONSIDERATION (CIV. DOCK. NO. 4)

Now before the Court is Debtor's Motion for Stay Pending Appeal and For Immediate Consideration. (Civ. Dock. No. 4). The Bankruptcy Court dismissed Debtor's case on March 9, 2007, after Debtor failed to file her plan and schedules by March 8, 2007. (Bankr. Dock. No. 19). Debtor then filed a Motion to Reinstate Chapter 13 Case, on March 9, 2007, based upon excusable neglect. (Bankr. Dock No. 24). Bankruptcy Judge Thomas Tucker, in construing the motion as a Motion for Reconsideration, denied Debtor's motion on March 15, 2007. (Bankr. Dock. No. 27). Debtor filed a second Motion to Reinstate Chapter 13 Case on March 23, 2007. (Bankr. Dock. No. 28). Debtor's second motion raised additional issues not addressed in her first motion; mainly that Debtor's Motion to Reinstate was denied on March 15, 2007, without a hearing, in contravention to Federal Rule of Bankruptcy Procedure 1017. (*Id.*). In denying Debtor's second Motion for Reinstatement on March 29, 2007, Judge Tucker found that:

      The first [] motion [for reconsideration] was denied. The second motion for

1

> reconsideration makes arguments not made in the first motion, as well as arguments that were made already in the first motion. The new arguments should have been made in the first motion, and because they were not, they are waived.
>
> Even if debtor's new arguments were not waived, they are without merit. The Court's Local Rule 1007-1(d) authorized the dismissal of this case without a hearing. That local rule is consistent with Fed.R.Bankr.P. 1017, and in particular Rule 1017(c), which do not apply to this dismissal. The dismissal of this case was done by the Court *sua sponte* under Local Rule 1007-1(d), rather than on a motion filed under Bankruptcy Code § 1307(c)(9). Furthermore, no party in interest requested a hearing within 20 days after the filing of the petition, as permitted by Local Rule 1007-1(d). Debtor's first motion for reconsideration was not such a request for a hearing under Local Rule 1007-1(d).

(Bankr. Dock. No. 29).

Debtor filed a Notice of Appeal this Court on April 6, 2007 (Bankr. Dock. No. 31), and a Motion for Stay Pending Appeal with the Bankruptcy Court on April 11, 2007. (Bankr. Dock. No. 35). This Court notes that Debtor's attorney failed to appear before the Bankruptcy Court at a May 3, 2007 hearing on Debtor's Motion for Stay Pending Appeal. The motion was denied on May 3, 2007, for failure to appear. Debtor filed a Motion to Reschedule Hearing on Debtor's Motion for Stay Pending Appeal, which was construed by the Bankruptcy Court as Debtor's third Motion for Reconsideration, on May 4, 2007. (Bankr. Dock. No. 46). Judge Tucker denied Debtor's third Motion for Reconsideration. (Bankr. Dock. No. 48).

Not only did Debtor failed to timely file her plan and schedules, but Debtor, through her counsel, failed to appear for a hearing on Debtor's Motion for Stay Pending Appeal, before Judge Tucker. More importantly, however, is that Debtor failed to raise the issue which is the basis for the instant motion in her first Motion for Reconsideration. As a result, Debtor waived any additional arguments and cannot raise it on appeal.

2

Accordingly, the Court DENIES Debtor's Motion for Stay Pending Appeal and for Immediate Consideration.

**SO ORDERED.**

        s/Paul D. Borman
        PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

Dated: May 15, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 15, 2007.

        s/Denise Goodine
        Case Manager